IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Evelyn Buckle, #309884, | ) | |
| | ) | Civil Action No. 5:15-2088-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M.C. Boulware, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Evelyn Buckle, a state prisoner proceeding *pro se*, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Respondent's motion for summary judgment (ECF No. 18) and that Petitioner's petition be denied. (ECF No. 28.) Petitioner was advised of her right to file objections to the Report. (ECF No. 28-1). Rather than filing objections, however, Petitioner has filed a response in essence agreeing with the Report and requesting a voluntary dismissal of the petition so that she might exhaust her state remedies. (ECF No. 30). Petitioner also filed a motion to alter or amend the Report. (ECF No. 31).

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In lieu of filing objections, Petitioner filed a "motion to withdraw habeas corpus application to proceed back to state court." (ECF No. 30). In that motion, Petitioner asks this court to allow her to withdraw her habeas claims so that she may exhaust her state remedies. (ECF No. 30). She claims that she seeks this relief because of "after-discovered evidence." (ECF No. 30 at 1). Petitioner seeks the same relief in her motion to alter or amend the Report. (ECF No. 31).

Respondent has filed a reply to Petitioner's objections and a response to her motion. (ECF Nos. 33, 34). In those filings, Respondent asks this court to deny the request to dismiss the claims because she has not indicated any "after-discovered evidence" that would permit her to present the unexhausted claims in state court. (ECF Nos. 33 at 2; 34 at 2). Thus, Respondent claims that any future PCR applications would be barred, and accordingly, the dismissal would be futile. (ECF Nos. 33 at 2; 34 at 2).

Fed. R. Civ. P. 41(a)(2) provides district courts with authority to dismiss an action at Petitioner's request even after Respondent has filed a motion for summary judgment. As a general rule, "[a] plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (citation omitted). In determining whether a Petitioner's request for voluntary dismissal will cause "substantial prejudice to the defendant," district courts should consider all relevant factors under the circumstances, including: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the

litigation, *i.e.*, whether a motion for summary judgment is pending." *Gross v. Spies*, No. 96-2146, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998) (citations omitted). "[P]rejudice to the defendant does not result from the prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation." *Davis v. USX Corp.*, 819 F.2d 1270, 1274–75 (4th Cir. 1987) (citations omitted).

After a consideration of the briefing and relevant factors, the court finds that the motion for voluntary withdrawal should be granted. Respondent has not argued that it will suffer substantial prejudice from granting the dismissal. Respondent instead focuses his arguments on whether the claims would be barred as futile. Under South Carolina law,

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

S.C. Code Ann. § 17-27-90. Thus, "'[a]ny issue which could have been raised in the initial state PCR action cannot be raised in a second PCR action.'" *Primus v. Padula*, 555 F. Supp. 2d 596, 612 (D.S.C. 2008) (quoting *Wilson v. Moore,* 999 F. Supp. 783, 789 (D.S.C. 1998)). In this case, Petitioner claims she has after-discovered evidence, which may be sufficient reason why the evidence was not raised in the original application. In such an event, the claims may not be barred.

The court finds that Petitioner's motion for voluntary dismissal (ECF No. 30) should be **GRANTED**. The motion to alter or amend the Report (ECF No. 31), as well as Respondent's motion for summary judgment (ECF No. 18), are **DENIED as MOOT**. The court **MOOTS** the Report.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 26, 2016
Anderson, South Carolina